```
_____ FILED                      _____ RECEIVED
_____ ENTERED                    _____ SERVED ON
                        COUNSEL/PARTIES OF RECORD

                    MAY 1 1 2012

                CLERK US DISTRICT COURT
                 DISTRICT OF NEVADA
BY: _____
                                    DEPUTY
```

1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**

7                          **DISTRICT OF NEVADA**

8    JANE CALAVERA,                          )
9                Plaintiff,                   )
                                             )
10        v.                                  )        2:12-cv-177-RCJ-GWF
                                             )
11   BANK OF AMERICA, N.A., et al.,          )            **ORDER**
                                             )
12               Defendants.                 )
13                                            )
     _____     )
14

15        Currently before the Court is a motion to remand (#7) filed by the plaintiff and a motion

16   to dismiss (#4) filed by the defendants.  For the following reasons, the motion to remand (#7)

17   is denied and the motion to dismiss (#4) is granted.

                              **BACKGROUND[1]**

18        Plaintiff Jane Calavera purchased real property located at 10138 Sugar City Street in

19   Las Vegas, Nevada (the "Property") in December of 2005.  (Deed (#4-1)).  To finance the

20   purchase of the Property, Plaintiff obtained a loan for $382,750 from Countrywide Home

21   Loans, Inc. ("Countrywide") on or about December 15, 2005, which was secured by a deed

22   of trust (the "Deed of Trust").  (Deed of Trust (#4-2) at 2).  The Deed of Trust named

23   Countrywide as lender, CTC Real Estate Services as trustee, and Mortgage Electronic

24

25   _____

26        [1] Defendants have requested judicial notice to be taken of attached copies of relevant

27   publicly recorded documents.  (*See* Mot. to Dismiss (#4) at 3 n.1).  The Court takes judicial

28   notice of these public records.  *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*,

     375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state

     agencies and other undisputed matters of public record under Fed. R. Evid. 201).

1   Registration Systems, Inc. ("MERS") as nominee and beneficiary. (*Id.*).

2   Plaintiff initially defaulted on the loan secured by the Deed of Trust on January 1, 2007.

3   (Notice of Default (#4-6)). MERS then substituted ReconTrust Company, N.A. ("ReconTrust")

4   as trustee over the Deed of Trust on April 19, 2007 and ReconTrust executed and recorded

5   a notice of default that same day. (Substitution of Trustee (#4-3); Notice of Default (#4-6)).

6   Plaintiff then became current on her mortgage, resolving this initial default, and the notice of

7   default filed on April 19, 2007 was rescinded by ReconTrust. (Compl. (#1-1) at ¶ 17).

8   On June 18, 2010, MERS transferred all beneficial interest in the Deed of Trust to Bank

9   of New York Mellon ("BNY Mellon"). (Assignment of Deed of Trust (#4-4)). BNY Mellon then

10   reaffirmed ReconTrust as trustee by again substituting ReconTrust as trustee on June 18,

11   2010. (Substitution of Trustee (#4-5)).

12   Plaintiff defaulted a second time on the loan secured by the Deed of Trust in July 2008.

13   (Notice of Default (#4-7)). ReconTrust executed and recorded a notice of default on June 21,

14   2010. (*Id.*). Plaintiff did not cure the default and the Nevada Foreclosure Mediation Program

15   issued a certificate permitting the foreclosure to proceed on October 4, 2010. (Certificate (#4-

16   8)). ReconTrust recorded a notice of trustee's sale on November 1, 2010. (Notice of

17   Trustee's Sale (#4-9)). ReconTrust then recorded several additional notices of trustee's sale,

18   with the final one being recorded on August 29, 2011. (Notice of Trustee's Sale (#4-10)). The

19   Property was then sold at a public auction on November 10, 2011 for $216,000 to BNY Mellon.

20   (Trustee's Deed Upon Sale (#4-11)).

21   On December 2, 2011, Plaintiff filed this complaint in Nevada state court against Bank

22   of America (as successor by merger to Countrywide), ReconTrust, MERS, and BNY Mellon

23   (collectively "Defendants"). (Compl. (#1-1)). The complaint alleges six causes of action,

24   including: (1) wrongful foreclosure; (2) fraudulent misrepresentation; (3) fraudulent

25   concealment; (4) violations of NRS § 598 et seq.; (5) to set aside the trustee sale; and (6)

26   declaratory and injunctive relief. (*Id.* at ¶¶ 26-127). Defendants then removed the action to

27   this Court on February 1, 2012, claiming the Court had federal question and diversity

28   jurisdiction over the controversy. (Pet. for Removal (#1) at 2-3).

1    Defendants filed a motion to dismiss the complaint for failure to state a claim pursuant
2  to Rule 12(b)(6) on February 8, 2012. (Mot. to Dismiss (#4)). Plaintiff then filed a motion to
3  remand this action to state court on February 17, 2012. (Mot. to Remand (#7)). A hearing was
4  held on these motions on April 19, 2012.

5                                    **LEGAL STANDARD**

6  **I.    Motion to Remand**

7          A defendant may remove an action to federal court if the plaintiff could have initially filed
8  the complaint in federal court, 28 U.S.C. § 1441(a), *i.e.*, if the federal court has original
9  jurisdiction. The party seeking removal bears the burden of establishing jurisdiction by a
10 preponderance of the evidence. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d
11 1102, 1106-07 (9th Cir. 2010). If a case is removed and the federal court lacks jurisdiction
12 over the matter, the federal court must remand the case to state court. 28 U.S.C. § 1447(c).
13 The removal statutes are to be construed restrictively and any doubts about the right of
14 removal are resolved in favor of remand. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247,
15 1252 (9th Cir. 2006).

16         Federal courts have original jurisdiction over "all civil actions arising under the
17 Constitution, laws, or treaties of the United States" (known as federal question jurisdiction).
18 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the
19 cause of action or 'where the vindication of a right under state law necessarily turns on some
20 construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89
21 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8-9
22 (1983)). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal
23 question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc.*
24 *v. Williams*, 482 U.S. 386, 392 (1987).

25         Federal courts also have original jurisdiction over civil actions "where the matter in
26 controversy exceeds the sum or value of $75,000" and the dispute is between "citizens of
27 different States" (known as diversity jurisdiction). 28 U.S.C. § 1332(a). When the plaintiff
28 seeks declaratory or injunctive relief, the amount in controversy is measured by "the value of

1    the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347

2    (1977). Citizenship is to be determined at the time the complaint is filed and removal effected.

3    *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131-32 (9th Cir. 2002). For a

4    natural person, domicile is established by presence (residence) plus an intent to remain

5    permanently or indefinitely. *See Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986). Pursuant

6    to 28 U.S.C. § 1348, "[a]ll national banking associations shall . . . be deemed citizens of the

7    States in which they are respectively located." In *Wachovia Bank v. Schmidt*, 546 U.S. 303,

8    318 (2006), the Supreme Court of the United States determined that for purposes of § 1348,

9    a national bank is located "in the State designated in its articles of association as its main

10    office."

11    **II.   Motion to Dismiss**

12        The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test

13    the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

14    "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled

15    to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th

16    Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

17        To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a

18    claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017,

19    1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim

20    is plausible on its face "when the plaintiff pleads factual content that allows the court to draw

21    the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v.

22    Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, the

23    factual allegations "must be enough to raise a right to relief above the speculative level."

24    *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and

25    all reasonable inferences that may be drawn from the allegations must be construed in the

26    light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir.

27    2003).

28        If the court grants a motion to dismiss a complaint, it must then decide whether to grant

leave to amend.  The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

### I.      Motion to Remand

Defendants assert that this Court has both federal question and diversity jurisdiction over this action.  For a claim to create federal question jurisdiction, the claim must be based on federal law or the adjudication of the state-law claim must turn on a question of federal law. *Gutierrez*, 277 F.3d at 1088-89.  All causes of action in the complaint are based upon state law and none of the claims turn on any construction of federal law, and consequently the Court lacks federal question jurisdiction over this action.

The Court however does have diversity jurisdiction over this controversy as complete diversity exists between the parties and the amount in controversy exceeds $75,000.  Plaintiff first contends that there is a lack of complete diversity in this matter, claiming ReconTrust is a Nevada corporation. (Mot. to Remand (#7) at 14).  Although the Nevada Secretary of State's webpage lists ReconTrust as a domestic corporation dissolved in 2007, the relevant time for assessing citizenship for purposes of diversity jurisdiction is the time the complaint is filed and removal effected. *Strotek Corp.*, 300 F.3d at 1131-32.  When Plaintiff filed her complaint on December 2, 2011 and Defendants filed their petition for removal on February 1, 2012, ReconTrust was named on the list of national banks from the Office of the Comptroller of the Currency as a national bank with its headquarters in Simi Valley, California.  (National Bank Lists (##21-1, -2)).  Because the citizenship of a national bank is the location of its main office, *Schmidt*, 546 U.S. at 318, ReconTrust is a resident of California, not Nevada, and complete diversity exists in this matter.

The amount in controversy also exceeds $75,000.  Although Plaintiff did not plead an

amount in excess of $75,000, Plaintiff is seeking permanent injunctive and declaratory relief prohibiting any further action, including foreclosure, by Defendants against the Property. (Compl. (#1-1) at 32). Plaintiff is thus seeking to challenge the validity of the loan secured by the Deed of Trust, which had an original face value of $382,750. Additionally, "[i]n cases seeking injunctive relief from a foreclosure sale, the value of the property at issue is the object of the litigation for the purposes of determining the amount in controversy." *Kehoe v. Aurora Loan Servs. LLC,* 2010 WL 4286331, at *4 (D. Nev. 2010). The Property is at least valued at $216,000, as that is the amount BNY Mellon paid for it at a public auction. (Trustee's Deed Upon Sale (#4-11)). As both the amount in controversy and complete diversity requirements are satisfied, the Court will exercise jurisdiction over this dispute and Plaintiff's motion to remand is denied.

## II.   Motion to Dismiss

Defendants have moved to dismiss all causes of action against them for failure to state a claim pursuant to Rule 12(b)(6). (Mot. to Dismiss (#4)). As Plaintiff has failed to state a claim on any of her causes of action, Defendants' motion to dismiss is granted.

The first cause of action for wrongful foreclosure fails because Plaintiff was in default of the loan and the foreclosure process was proper. Under Nevada law, to succeed on a claim of wrongful foreclosure a plaintiff must show that a lender wrongfully exercised the power of sale and foreclosed upon his or her property when the homeowner was not in default on the mortgage loan. *See Collins v. Union Fed. Sav. & Loan Ass'n,* 662 P.2d 610, 623 (Nev. 1983). Although the Property has been sold, Plaintiff has admitted that she was in default of the loan at the time of the sale. (Compl. (#1-1) at ¶ 30; Opp'n to Mot. to Dismiss (#9) at 3). Accordingly, Plaintiff has failed to state a claim for wrongful foreclosure.

Plaintiff's claim that the foreclosure was wrongful in the sense it was statutorily defective similarly fails. NRS § 107.080 sets out certain procedures that must be followed before a trustee may execute the power of sale, and if these procedures are not substantially complied with, the sale may be declared void. NEV. REV. STAT. § 107.080(5)(a). To commence a foreclosure, the beneficiary, the successor in interest of the beneficiary, or the trustee must

execute and record a notice of default and election to sell. *Id.* § 107.080(2)(c). The trustee or other person authorized to make the sale must then wait three months after recording the notice of default before proceeding with the sale. *Id.* § 107.080(2)(d). It is a statutory defect for an entity that is not yet the beneficiary, trustee, or an agent of one of these entities to record the notice of default. *Chandler v. Indymac Bank, F.S.B.*, 2011 WL 1792772, at *2 (D. Nev. 2011). A nominee on a deed of trust has the authority, as an agent, to act on behalf of the holder of the promissory note and execute a substitution of trustees. *Gomez v. Countrywide Bank, FSB*, 2009 WL 3617650, at *1 (D. Nev. 2009). As long as the note is in default and the foreclosing trustee is either the original trustee or has been substituted by the holder of the note or the holder's nominee, there is no defect in the foreclosure. *Id.* at *2.

In the present matter, the foreclosure was executed in accordance with NRS § 107.080. ReconTrust and BNY Mellon had properly been substituted as trustee and lender, respectively, prior to initiating the foreclosure process. (Substitution of Trustee (#4-3); Substitution of Trustee (#4-5); Assignment of Deed of Trust (#4-4)). Plaintiff contends that the substitutions and assignments were invalid because the documents were effectively "robo-signed" because the same individual signed documents on behalf of multiple parties. (Compl. (#1-1) at ¶ 37). However, Plaintiff does not dispute that she was in default of the mortgage loan and that she received the notices required by NRS § 107.080. Furthermore, the fact that the same person signed multiple documents does not establish, or even make it likely, that the person lacked authority to execute the documents. *James v. ReconTrust Co.*, --- F.Supp.2d ---, 2012 WL 653871, at *21 (D. Or. 2012). A person can wear two hats and act on behalf of multiple parties. *Id.* The foreclosure process was thus not improper and Plaintiff has failed to state a claim for wrongful and statutorily defective foreclosure.

Plaintiff's second and third causes of action for fraud by misrepresentation and concealment similarly lack merit. Under Nevada law, a claim of fraudulent representation requires the plaintiff to establish each of the following elements: (1) a false representation; (2) knowledge or belief that the representation was false (or knowledge that the defendant's basis for making the representation was insufficient); (3) intent to induce the plaintiff to consent to

7

the contract's formation; (4) justifiable reliance upon the misrepresentation; and (5) damage resulting from such reliance. *J.A. Jones Const. Co. v. Lehrer McGovern Bovis, Inc.*, 89 P.3d 1009, 1018 (Nev. 2004). A claim for fraudulent concealment requires the plaintiff to plead that the defendant concealed or suppressed a material fact that he or she was under a duty to disclose to the plaintiff. *Nev. Power. Co. v. Monsanto Co.*, 891 F.Supp. 1406, 1415 (D. Nev. 1995) (citing Nevada Jury Instruction 9.03). Pursuant to Rule 9(b), a party alleging fraud "must state with particularity the circumstances constituting fraud or mistake." To satisfy this standard, a plaintiff must plead "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.' " *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)).

The complaint does not adequately state a claim for fraud because Plaintiff has failed to plead any misrepresentations or omissions that were material to the terms of the loan. Plaintiff first alleges that she was not made aware of the inner workings of the mortgage industry—such as the fact the notes were intended for securitization and that the loan could be transferred or assigned—which ultimately had no effect upon the terms of the loan. (Compl. (#1-1) at ¶¶ 41-62). The failure of a party to disclose such immaterial information is insufficient to serve as the basis of a claim of fraud. *See Shields v. First Magnus Fin. Corp.*, 2011 WL 1304734, at *2 (D. Nev. 2011) (finding the failure to disclose facts regarding the inner workings of the mortgage industry do not affect the terms of the loan, and thus cannot be relied upon to state a claim of fraud). Plaintiff also alleges that the individual who "robo-signed" the foreclosure documents misrepresented their status as representative of the signing entities, but again these representations had no effect upon Plaintiff's initial decision to enter into the loan agreement as they occurred years after the loan was executed. As Plaintiff has not pled any misrepresentations or omissions that were material to the terms of the loan, Plaintiff's second and third causes of action for fraudulent misrepresentation and concealment are hereby dismissed.

Plaintiff asserts in her fourth cause of action that Defendants violated the Nevada

8

1  Deceptive Trade Practices Act (NRS § 598) by making false and misleading representations,

2  filing false documents, failing to communicate with Plaintiff regarding loan modifications, and

3  reporting false information to credit bureaus. (Compl. (#1-1) at ¶ 86).  NRS § 598 however

4  only applies to goods and services and not to real estate transactions.  *See Archer v. Bank*

5  *of Am. Corp.*, 2011 WL 6752562, at *2 (D. Nev. 2011) (noting that all subsections of NRS §

6  598.0915, including the catchall provision, are limited to transactions involving "goods or

7  services" and do not apply to real estate transactions); *Reyna v. Wells Fargo Bank, N.A.*, 2011

8  WL 2690087, at *9 (D. Nev. 2011) ("N.R.S. 598 . . . applies only to goods and services and

9  not to real estate loan transactions."); *Alexander v. Aurora Loan Servs.*, 2010 WL 2773796,

10  at *2 (D. Nev. 2010) ("Plaintiff's claim deals with the sale or lease of real property, not goods

11  or services; therefore [NRS § 598] does not provide an avenue for relief to Plaintiff.").  As NRS

12  § 598 does not apply to real estate transactions, this claim is dismissed without leave to

13  amend.

14       Finally, Plaintiff has failed to state a claim on her fifth and sixth causes of action to set

15  aside the trustee's sale and for injunctive and declaratory relief.  The claim to set aside the

16  trustee's sale in her fifth cause of action is duplicative of the claims in her sixth cause of action

17  for injunctive and declaratory relief, as the claim merely seeks to obtain a judicial determination

18  of her rights in the Property and injunctive relief barring any further action by Defendants

19  against the Property. (Compl. (#1-1) at ¶¶ 103, 110).  However, the claims for injunctive and

20  declaratory relief in the fifth and sixth causes of action are equitable remedies and not

21  independent causes of action.  *See Stock W., Inc. v. Confederated Tribes of Colville*

22  *Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989); *In re Wal-Mart Wage & Hour Emp't*

23  *Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev. 2007); *Miller v. MERSCORP, Inc.*, 2011

24  WL 6097751, at *8 (D. Nev. 2011); *Anderson v. Deutsche Bank Nat'l Trust Co.*, 2010 WL

25  4386958, at *5 (D. Nev. 2010).  Because Plaintiff has failed to state a claim on the substantive

26  claims underlying her request for equitable relief, Plaintiff's dependent claims in her fifth and

27  sixth causes of action for injunctive and declaratory relief are similarly dismissed.

28

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion to remand (#7) is DENIED.

IT IS FURTHER ORDERED that Defendants' motion to dismiss (#4) is GRANTED and the complaint is hereby dismissed without leave to amend.

Dated:  This 11th day of May, 2012.

_____
United States District Judge